UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT A. THOMPSON,

        Plaintiff,

-against-

LIBRARY OF CONGRESS,

        Defendant.

20-CV-5570 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Court's federal question jurisdiction alleging a violation of his constitutional rights. By order dated July 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

In this complaint, Plaintiff identifies himself as the "seller," and the Federal Reserve Bank as the "bonafide purchaser." (ECF 2 at 8.) The complaint includes the following allegations:

> That on February 5th, 2021, the claimant self generated/created the specified intellectual property herein, without the aid of any person(s) or entities living or dead, and that this contractual proffer with the FEDERAL RESERVE BANK OF NEW YORK, is legally binding and enforceable on the banks shareholders, and the U.S. Treasury Department, for which makes investments in FEDERAL RESERVE facilities; in order to protect the Affiants commercial interest and that this Federal Instrument shall serve as copy-rights and patents for said property. That the literal time consuming magnitude of this intellectual property is so great that it places the world as we know it ensync with the rest of the universe for which rotates 360 degrees to complete an earth yearly cycle, and thus, i have assigned the enclosed intellectual property herein, the monetary sum of NINE TRILLION DOLLARS (9,000,000,000,000.00) in Federal Reserve Notes or the equivalent in gold or silver reserves, for which "time" is the only commodity that regulates all the civilized worlds commerce; and said intellectual property includes but is not limited to:
>
> A.) "GalacTik," which is a mathematically designed clock, watch, app, calendar, etc; that converts 366 day years via the recalculation of time to achieve 60 minute cycles per hour, 24 hour cycles per day, 30 day cycles per month, and 12 month cycles per year.
>
> B.) "formular 9 cypher," is used as a mathematical time computation for which: [1] OBJECTIVE: is to eliminate daylight savings time and leap years via recalculating seconds to create GalacTik minutes, \in order to reconfigure the Eastern Standard Time to be insync with 12 calendar months of 30 day cycles, that equates to 360 day per year.

(*Id.* ¶¶ 4-5.)

The other allegations in the complaint are similar to the ones quoted above. Plaintiff seeks $250,000 in damages and unspecified declaratory relief. (*Id.* ¶ IV.)

## DISCUSSION

Plaintiff's complaint, when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that Plaintiff has a plausible legal claim. Plaintiff has not cited, nor can the Court identify, any legal basis for Plaintiff's claims for declaratory relief and damages against the Library of Congress. Plaintiff names the Library of Congress as the sole defendant, but the complaint contains no allegations against that defendant.[1] Moreover, Plaintiff's factual allegations rise to the level of the irrational. *See Denton*, 504 U.S. at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i).

---

[1] In any event, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Hickman v. Library of Congress*, 74 F. Supp. 3d 329, 331 (D.D.C. 2014) (noting that "sovereign immunity bars lawsuits for money damages against the United States and its agencies absent a specific waiver by the federal government.") It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212. The allegations in the complaint do not suggest that Plaintiff is seeking relief under any statute that waives sovereign immunity.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: July 7, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge